## KNOWLEDGE OF DEFECT IN STREET.

Circuit Court of Cuyahoga County.

WILLIAM P. HERIG ET AL V. CITY OF CLEVELAND.

Decided, December 9, 1907.

*Defect in Street—Risk Assumed.*

One who, with knowledge of a defect or obstruction in a city street, voluntarily assumes the risk and ventures upon the obstruction, can not make the city respond in damages.

*J.. J. McCormick,* for plaintiffs in error.
*N. D. Baker,* contra.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

The driver of plaintiff's team and a high furniture wagon was driving westerly on Summer street in the city of Cleveland on the 28th day of May, 1904, when he came to an excavation in the middle of the street made by the city, which was about six feet wide and seven feet long.   This excavation was protected on the northerly side by sheeting or piling which averaged about two feet in height.   On its easterly end, toward which the driver was approaching, dirt thrown out was about three or four feet high.   The distance between the excavation and the curb of the street on the northerly side, was seven feet and four inches. Paving stones taken from the excavation were piled on the curb to the north.   A few of these stones had fallen over into the street.   Everything connected with the hole and the entire situation was in plain view to the driver from his elevated seat.   He

decided to drive past the excavation on its northerly side. While doing so, a piece of paper blew up in the street just in front of his horses and frightened them, so that they either backed in such a manner that the nigh horse was cast into the hole, or the off horse, stumbling on said loose paving stones, crowded the other horse into the excavation before the driver could get his team under control. The horse which fell into the excavation was badly-injured, and for his loss the plaintiffs brought their action against the city. The trial judge directed a verdict for the defendant.

In this we think there was no error. One who with knowledge of a defect or obstruction voluntarily assumes the risk and ventures upon the obstruction can not make the city respond in damages. *Schaefler* v. *Sandusky*, 33 O. S., 246; *Conneaut* v. *Naef*, 54 O. S., 539; *Norwalk* v. *Tuttle*, 73 O. S., 242.

Nor was there any merit in the motion for a new trial on the ground of newly-discovered evidence, for the affidavit accompanying it shows no new evidence, or any that could not have been discovered by the exercise of ordinary diligence. Further if the so-called new evidence had been presented it would have made no difference in the verdict.

Judgment affirmed.